**Ira Lee JACKSON, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security \*, Defendant– Appellee.**

**No. 06–1147–cv.**

United States Court of Appeals, Second Circuit.

May 7, 2008.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Commissioner of Social Security Michael Astrue is automatically substituted for former Commissioner of Social Security Jo Anne Barnhart as the Defendant–Appellee in this case.

Ira L. Jackson, Binghamton, NY, pro se.

Glenn T. Suddaby, United States Attorney, Northern District of New York, Syracuse, NY; Stephen P. Conte, Special Assistant United States Attorney, New York, NY; Barbara L. Spivak, Chief Counsel–Region II, Karen M. Ortiz, Assistant Regional Counsel, Officer of the General Counsel, Social Security Administration, New York, NY, for Defendant–Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, Hon. J. GARVAN MURTHA,** District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Ira Lee Jackson appeals a June 6, 2005 order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge* ), granting summary judgment to the Commissioner on Jackson's Social Security claim, and a February 14, 2006 order dismissing his discrimination claim. We assume the parties' familiarity with the facts and procedural history of the case.

■ We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.2003). In order to challenge a Social Security benefits determination in the federal courts, an aggrieved individual must first obtain a "final decision of the Commissioner." *See* 42 U.S.C. § 405(g). A final decision is rendered "when the Appeals Council either considers the application on the merits or declines a claimant's request for review, and not simply when the ALJ issues its decision." *Pollard v. Halter*, 377 F.3d 183, 191 (2d Cir.2004). Here, the uncontroverted evidence demonstrated that Jackson did not seek review of the ALJ's decision before the Appeals Council; therefore, the district court properly granted summary judgment to the Commissioner on Jackson's Social Security benefits claim.

■ The order dismissing Jackson's discrimination claim for lack of subject matter jurisdiction is reviewed *de novo*. *See Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148–149 (2d Cir.2007). The district court properly dismissed the discrimination claim for lack of subject matter jurisdiction, "because Title II of the ADA is not applicable to the federal government." *See Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir.2000).

This Court has considered Jackson's remaining claims and finds them to be without merit.

For the foregoing reasons, we AFFIRM the judgment of the District Court.